IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DISCOVER BANK, | * |
| Plaintiff, | * |
| v. | No.  2:05-CV-0019-MEF-DRB |
| | * |
| SHIRLEY COOK, BETTIE RUDOLPH, and RUBEN RUDOLPH, | * |
| Defendants. | * |
| | * |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

I.  LACK OF JURISDICTION

This Court lacks jurisdiction over the claims stated in the Complaint for the following reasons:

A.  There is no subject matter or federal question jurisdiction.

The Complaint does not allege federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff Discover Bank ("Discover") seems to assume that 9 U.S.C. § 4 supplies jurisdiction, but its allegations are not sufficient to invoke this Court's subject matter jurisdiction.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. is not an independent source of jurisdiction. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997):

> Federal courts and state courts have concurrent jurisdiction to enforce the FAA. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S.  1, 25, 103 S. Ct. 927, 942, 74 L. Ed. 2d 765 (1983).  As courts have long held, however, the FAA does not confer subject matter jurisdiction on federal courts. Instead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA. The Supreme Court has stated:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.

*Id.* at 25 n. 32, 103 S. Ct. at 942 n. 32.

In particular, the Court has ruled that FAA sections 3 and 4 do not confer subject matter jurisdiction on federal courts.

> Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue. *E.g., Commercial Metals Co. v. Balfour, Guthrie, & Co.,* 577 F.2d 264, 268-69 (5th Cir. 1978), and cases cited. Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence.

(citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 32, n. 32, 103 S.Ct. 927, 942, n. 32, 74 L.Ed.2d 765 (1983))(footnotes omitted).[1]

It is obvious that Discover's Complaint is devoid of any allegation sufficient to invoke a federal question independent of the FAA. To the contrary, the only relief sought by Discover in this action is wholly injunctive in nature and raises no federal issues or rights of action outside

---

[1] As previously noted, Discover purports to invoke the jurisdiction of this Court purely under § 4 of the FAA. It has long been the law of this Circuit, however, that FAA § 4, standing alone, is insufficient to confer federal question jurisdiction. *See, e.g., Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003); *Tamiami Partners v. Miccosukee Tribe of Indians*, 177 F.3d 1212, 1222-23 (11th Cir. 1999); *First Franklin Fin. Corp. v. McCollum*, 144 F.3d 1362, 1363 (11th Cir. 1998); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997); *Commercial Metals Co. v. Balfour, Guthrie & Co.*, 577 F.2d 264, 268 (5th Cir. 1978). Rather, a federal district court must have some <u>independent jurisdictional basis</u> in order to entertain a motion to compel arbitration under 9 U.S.C. § 4. *See* cases cited above.

the scope of FAA § 4.  Because the present Complaint does not require the application of any substantive federal law, Discover faces an insurmountable jurisdictional obstacle which absolutely precludes its claim from proceeding before this Court.

It is axiomatic that a court must look only to the face of a plaintiff's "well-pleaded" complaint when deciding whether a federal question exists for jurisdiction purposes.  *See, e.g., Jones v. LMR Int'l*, ____ F. Supp. 2d ____, 2005 WL 56869, at *2 (M.D. Ala. Jan. 5, 2005).  The face of Discover's Complaint, however, evidences no independent basis for relief under any federal statue other than the FAA, which is not itself sufficient to confer subject matter jurisdiction.  On similar facts, the Fifth Circuit said in *Prudential-Bache Sec., Inc. v. Fitch,* 966 F.2d 981, 989 (5th Cir. Tex. 1992):

> ... a party seeking to enforce rights created by the FAA must do so in state court unless federal jurisdiction is independently established by the allegations of the plaintiff's own complaint or unless the case is already in federal court. If, for example, Prudential had been successful in its attempt to remove the Fitches' action from state to federal court, the federal court could have entertained Prudential's motion to compel arbitration. <u>Here, however, the only claim before the district court was Prudential's petition to compel arbitration which arises solely under § 4 of the Federal Arbitration Act. Federal jurisdiction did not vest over this action based on the federal character of the underlying claims of federal securities law violations. Prudential did not allege diversity of citizenship. Thus, the district court did not have jurisdiction over this action</u>.  (Emphasis added).

The substantial body of federal case law addressing the issue has consistently agreed with the *Prudential-Bache* rationale and demonstrates that the claims in <u>Discover's</u> Complaint are to be controlling for jurisdictional purposes; the nature of the <u>underlying</u> claims between the parties in arbitration is wholly irrelevant.  *See America's Moneyline, Inc. v. Coleman*, 360 F.3d 782, 785 (7th Cir. 2004)(stating that "there is no basis for concluding that the district court should look to any source other than the petition" when determining jurisdiction); *Kasap v. Folger*, 166 F.3d

- 4 -

1243, 1246 (D.C. Cir. 1999)(noting that the "clear weight of authority" disregards the underlying claims in arbitration); *Smith Barney, Inc. v. Sarver*, 108 F.3d 92, 94 (6th Cir. 1997)(noting that the Sixth Circuit has consistently held "the federal nature of the underlying claims that were submitted to arbitration" to be insufficient to bestow jurisdiction); *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 268 (2d Cir. 1996)(refusing to grant jurisdiction simply because "the underlying claim [in arbitration] raises a federal question"); *Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 915 (3d Cir. 1994)(holding court could not "look beyond the complaint to the substance of the arbitrated dispute").

In this action, the sole purpose behind Discover's Complaint is clear -- to enforce its contractual right to have defendants' underlying claims arbitrated.  Importantly, the Complaint neither requests nor requires this Court to address any substantive issues of federal law. Defendants' underlying claims, <u>which in fact are being arbitrated</u>, are simply not part of Discover's "well-pleaded" Complaint and thus cannot be considered in the Court's evaluation of its jurisdiction in these proceedings.  Accordingly, Discover's Complaint is fatally flawed and is due to be dismissed for lack of jurisdiction.

### B.  There is no diversity jurisdiction.

Because no federal question exists, Discover can only invoke the jurisdiction of this Court if it establishes the existence of diversity as required by 28 U.S.C. § 1332.  Although Discover has alleged diversity jurisdiction, such allegation cannot be sustained and the Complaint must be dismissed.  Specifically, there is no diversity jurisdiction in this case because Discover has failed to establish the requisite amount in controversy under 28 U.S.C. § 1332.

Discover's only claim to diversity jurisdiction is that "... the Respondents are seeking attorneys fees as a part of their relief, and those fees would exceed $75,000 when added to the

monetary and other relief sought by Respondents. ...".  (Complaint at ¶ 5).

However, <u>Discover</u> is the plaintiff here, and its claim seeks the enforcement of an alleged contract right which carries no stated or determinable value.  Thus "the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors,* 329 F.3d 805, 807 (11th Cir. Ala. 2003).  Where jurisdiction is based on a claim for indeterminate damages, the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum.  *Id.* (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000)).

The value of the claim here from Discover's perspective has not been and cannot be shown by a preponderance of the evidence to exceed $75,000 exclusive of interest and costs.  To the extent that Discover might argue that the value of its requested injunctive relief establishes the amount in controversy, "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted."  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. Ala. 2002) (citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)).  But the value of such relief is generally considered to be "too speculative and immeasurable to satisfy the amount in controversy requirement", *Id*., and Discover has alleged no specific facts which would take its claims out of the realm of speculation.

Even if this Court were to evaluate the amount in controversy requirement from the perspective of the defendants (who are the putative class plaintiffs in the arbitration

proceedings), it is obvious that the jurisdictional threshold of $75,000 would still not be satisfied. In this case, each putative class member is limited by statute to a maximum recovery of $1,000 in statutory damages. *See* 15 U.S.C. § 1640(a).[2] Any actual damages suffered by a class member would be less than $1,000. It is well-settled that the claims of individual class members cannot be aggregated for purposes of satisfying the amount in controversy requirement of 28 U.S.C. § 1332. *See, e.g., Leonard*, 279 F.3d at 974; *see also Shelly v. Southern Bell Tel. Co., Inc.*, 873 F. Supp. 613, 615-16 (M.D. Ala. 1995). Unless at least one such claim would, standing alone, exceed the jurisdictional minimum, diversity simply cannot serve as a basis for federal jurisdiction over the action. *See Leonard*, 279 F.3d at 974.

Moreover, it is also clear that this Court cannot properly consider the potential attorney's fee award that might be recovered through the arbitration. First, attempting to project attorney's fees exceeding $75,000 in an individual case would require rank speculation, which will not support § 1332's amount-in-controversy requirement. *See Leonard,* 279 F.3d at 972. Second, and even assuming a fee award in excess of the jurisdictional minimum, such award must be divided *pro rata* among each of the class members and cannot be attributed solely to one class member in an attempt to establish jurisdiction under § 1332. In *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), the Eleventh Circuit expressly rejected the argument that an award of attorney's fees should be attributed to single class member for diversity jurisdiction purposes. Instead, the court reasoned that the fee award inured to the benefit <u>of the entire class</u> and "[t]herefore, for amount in controversy purposes, the estimated total attorney fees award should be divided among all of the class members." *Id*. at 1080-81.

---

[2] The total recovery of statutory damages in a class action may not exceed $500,000. 15 U.S.C. § 1640(a)(2)(B). Because Discover has millions of cardholders, the potential recovery for each putative class member is clearly less than $1,000.

Because Discover has utterly failed to demonstrate a sufficient amount in controversy to invoke the jurisdiction of this Court, its has failed to satisfy the requirements of 28 U.S.C. § 1332 and its Complaint must be dismissed.  *See Leonard v. Enterprise Rent a Car,* 279 F.3d at 972.

> A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.  *Williams* [*v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001)], 269 F.3d at 1319-20.  The defendants in this case have failed to carry their burden; all they did was to fill the notice of removal with the type of unsupported assumptions we have held to be inadequate.

## II.   FAILURE TO STATE A COGNIZABLE CLAIM

For all the reasons stated above under "Lack of Jurisdiction", Discover's Complaint also fails to state any claim upon which relief can be granted.

## CONCLUSION

The Complaint should be dismissed for the above reasons.

Respectfully submitted,


s/James N. Walter, Jr.
James N. Walter, Jr. (WAL021)
Christopher W. Weller (WEL030)
Wyndall A. Ivey (IVE003)


OF COUNSEL:

CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
P.O. Box 2069 (36102-2069)
Montgomery, Alabama
(334) 241-8000 / telephone
(334) 323-8888 / fax

George C. Douglas, Jr.  (DOU002)
700 Century Park South, Suite 223
Birmingham, Alabama 35226
(205) 824-4620  phone
(866) 715-5420  fax


Jerry L. Thornton (THO038)
P.O. Box 759
120 Lafayette Street
Hayneville, Alabama 36040
(334) 548-2514 / telephone
(334) 548-2700 / fax

                Attorneys for Defendants


### CERTIFICATE OF SERVICE

  I hereby certify that on the 28th day of January, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Wilson F. Green, Esq.
  Battle Fleenor Green Winn & Clemmer
  505 North Twentieth Street, Suite 1150
  Birmingham, Alabama 35203


                s/James N. Walter, Jr.
                Of Counsel