IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
NORTHERN DIVISION

| | |
|---|---|
| DISCOVER BANK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:05-cv-19-F |
| ) | WO |
| SHIRLEY COOK, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Discover Bank (hereinafter "Plaintiff") initiated this civil action under the Federal Arbitration Act (hereinafter "FAA"), 9 U.S.C. § 1-16 (2000), against defendants Shirley Cook, Bettie Rudolph and Ruben D. Rudolph (hereinafter "Defendants"). (Doc. # 1, Compl.). By its Complaint, Plaintiff seeks an order from this court compelling arbitration in accordance with the terms of the arbitration agreements which exist between the parties. In response, Defendants filed a Motion to Dismiss arguing that subject matter jurisdiction is absent in this case and that the Complaint fails to state a claim upon which relief may be granted. (Doc. # 5). Plaintiff filed a response to the motion filed by Defendants and filed a Motion for Summary Judgment. (Docs. # 8 & 9). Subsequently, the parties submitted additional briefs and exhibits addressing the motion filed by Plaintiff. (Docs. # 13 & 16).

This cause is presently before the Court on Defendants' motion to dismiss and Plaintiff's motion for summary judgment. For the reasons to be discussed below, the court finds that Defendants' motion to dismiss is due to be DENIED, and Plaintiff's motion for summary judgment is due to be GRANTED.

## I. FACTS AND PROCEDURAL HISTORY[1]

The dispute in this case arises from Defendants attempt to circumvent the class-action prohibition contained in the arbitration agreements at issue. The evidence before the court and arguments of the parties establish the following undisputed facts.

Defendants entered into credit card agreements with Plaintiff and were issued credit cards. Defendants used the credit cards to make purchases, and under the credit card agreements, were required to make periodic payments on their balances with Plaintiff.

Plaintiff amended the credit card agreements to include arbitration provisions. Under these arbitrations provisions, Defendants were permitted to submit to binding arbitration all claims or disputes between them and Plaintiff.[2] These arbitration provisions include Class Action Waivers (hereinafter "Waivers") prohibiting Defendants from pursuing any claims in a class action proceeding.[3] These arbitration provisions further include unequivocal

---

[1] The statement of facts is based upon the evidence submitted by both parties.

[2] The arbitration provision provides, in pertinent part, as follows:

> **ARBITRATION OF DISPUTES**. In the event of any past, present or future claim or dispute (whether based upon contract, tort, statute, common law or equity) between you and us arising from or relating to your Account, any prior account you have had with us, your application, the relationships which results from your Account or the enforceability or scope of this arbitration provision, of the Agreement, or of any prior agreement, you or we may elect to resolve the claim or dispute by binding arbitration.

(Doc. # 9, Pl. Mot. Summ. J., Ex. 2, Janice Zigmond Decl., Ex. B, Cardmember Agreement, p. 11).

[3] These Waivers provide:

> IF EITHER YOU OR WE ELECT ARBITRATION, NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR TO

language which states that "only a court, and not an arbitrator, shall determine the validity and effect of the [Waivers.]"[4]

On December 15, 2004, Defendants commenced an arbitration proceeding with the arbitral organization JAMS to resolve their claims alleged against Plaintiff under the Fair Credit Billing Act.  In spite of the Waivers, Defendants commenced the arbitration proceeding as a class-action proceeding.  Plaintiff raised its objection to Defendants' class-action request with JAMS and sought enforceability of the Waivers.  Despite Plaintiff's objection, JAMS decided that the arbitrator should determine the enforceability of the Waivers.

On January 7, 2005, dissatisfied with JAMS' decision, Plaintiff initiated this action by filing a Complaint and Petition for Order Compelling Arbitration in Accordance with Terms of Agreement to Arbitrate against Defendants.  (Doc. # 1, Compl.).  Invoking this court's federal question and diversity jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1332, Plaintiff argued that this court should compel Defendants to arbitrate their claims against Plaintiff in accordance with the arbitration

---

       HAVE A JURY TRIAL ON THAT CLAIM . . . NEITHER YOU NOR WE SHALL BE ENTITLED TO JOIN OR CONSOLIDATE CLAIMS IN ARBITRATION BY OR AGAINST OTHER CARDMEMBERS WITH RESPECT TO OTHER ACCOUNTS, OR LITIGATE IN COURT OR ARBITRATE ANY CLAIMS AS A REPRESENTATIVE OR MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY ("Class Action Waiver").

(*Id.*).

[4] (*Id.*).

3

agreements in accordance with the FAA. In addition, Plaintiff seeks an order by this court preliminarily and permanently enjoining Defendants from seeking class-action status in the arbitral proceeding. Subsequently, on March 15, 2005, Plaintiff voluntarily dismissed Defendants Bettie Rudolph and Ruben Rudolph from this lawsuit. Hence, the sole remaining defendant in this action is Shirley Cook (hereinafter "Defendant").

## II. DISCUSSION

As previously mentioned, the Court has before it the following motions: (1) Defendant's Motion to Dismiss arguing that subject matter jurisdiction is absent in this case and that the Complaint fails to state a claim upon which relief may be granted; and (2) Plaintiff's Motion for Summary Judgment. The parties have submitted briefs and exhibits addressing these motions. The court will address these motions in turn.

*A.     Motion to Dismiss*

Because Defendant has challenged this court's subject matter jurisdiction, this discussion necessarily begins with addressing that challenge. Plaintiff contends that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity jurisdiction), and Section 4 of the FAA, 9 U.S.C. § 4 (2000). The FAA, however, does not confer subject matter jurisdiction, nor does it create independent federal question jurisdiction. *See Baltin v. Alaron Trading Corp.,* 128 F.3d 1466, 1469 (11th Cir. 1997), *cert. denied,* 525 U.S. 841 (1998). Independent grounds for subject matter jurisdiction must be demonstrated. *Id.* Thus, in this case, the issue of subject matter jurisdiction rests on whether 28 U.S.C. § 1331 or 28 U.S.C. § 1332 gives the court

4

jurisdiction over this lawsuit.

In reaching a decision on the issue of subject matter jurisdiction, the court finds that 28 U.S.C. § 1331 is dispositive.[5] The mere fact that a dispute concerns a contract or an agreement to arbitrate, without more, does not raise a federal question. *See Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 999 F.2d 503, 507 (11th Cir. 1993) (holding that the presentation of facts establishing a breach of contract claim does not state a federal question). However, the FAA empowers a district court to issue an order compelling arbitration if the court, "save for [the arbitration] agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4. Thus, the Eleventh Circuit has explained that a district court is permitted to "look through" the arbitration request to assess whether the underlying dispute between the parties is grounded in federal law and states a federal question. *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.* 177 F.3d 1212, 1223 n. 11 (11th Cir. 1999). In this case, it is apparent from the Complaint that the underlying controversy presents more than a mere dispute concerning a contract or an agreement to arbitrate. As stated by Plaintiff, the Complaint concerns, at least in part, the arbitration of Defendant's claims against Plaintiff under the Fair Credit Billing

---

[5] The court pretermits discussion of diversity jurisdiction as federal question jurisdiction exists in this case. Further, the court finds that because the parties do not contest personal jurisdiction or venue, there are adequate allegations supporting both.

Act.[6] "As far as federal law is equally implicated when [Fair Credit Billing Act] claims are presented in the arbitration context," *id*. at 1223, the court finds that Plaintiff's Complaint states a federal question. Consequently, subject matter jurisdiction is not absent in this action.

In arguing her motion to dismiss, Defendant asserts that "[f]or all the reasons stated above under 'Lack of Jurisdiction,' [Plaintiff's] Complaint also fails to state a claim upon which relief can be granted." (Doc. # 6, Def. Br. at p. 8). Because the court has found that subject matter jurisdiction is not lacking in this case, it correspondingly finds that the Complaint does not fail to state a claim upon which relief can be granted. Accordingly, Defendant's motion to dismiss is due to be denied.

*B.        Motion for Summary Judgment*

Plaintiff moves for summary judgment on the claims asserted against Defendant in the Complaint and contends that it is entitled to an order enforcing the Class Action Waiver (hereinafter "Waiver"). Defendant responds that Plaintiff is not entitled to have the court decide the Waiver issue before the arbitrator has ruled on it and asserts that the issue is best resolved by the arbitrator. Before the court can address these arguments, it must recount the applicable standards of review as they are instructive to the court's ruling on Plaintiff's motion.

---

[6] The Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j, as enforced by the Truth in Lending Act, 15 U.S.C. § 1640.

*1.     Applicable Standards*

    *a.     Standard for Motion for Summary Judgment*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments,* 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to

7

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

      b.      *Standard for Motion to Compel Arbitration*

The FAA explicitly permits the use of arbitration and specifically authorizes individuals to contract for arbitration. *See* 9 U.S.C. §§ 1-10 (2000).[7] In 1925, Congress enacted the FAA to offset the "hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 111 (2001). Thus, the FAA

---

[7] Pursuant to the FAA, a written arbitration "provision in any . . . contract evidencing a transaction involving commerce .. . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2000). The effect of Section 2 is "to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.1, 24 (1983). Section 3 provides for the stay of proceedings in federal district courts when an issue in the proceedings is referable to arbitration. *See* 9 U.S.C. § 3 (2000). Section 4 provides for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. *See* 9 U.S.C. § 4 (2000); *Boyd v. Town of Hayneville, Ala.,* 144 F. Supp. 2d 1272, 1275 (M.D. Ala. 2001).

establishes "'a federal policy favoring arbitration.'" *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24 (1983)). As the FAA evinces the "liberal federal policy favoring arbitration," *Moses H. Cone Mem'l Hosp.* 460 U.S. at 24, the legislation "compels judicial enforcement of a wide range of written arbitration agreements." *Circuit City,* 532 U.S. at 111. Indeed, under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Therefore, courts must rigorously enforce agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985).

Furthermore, issues to be decided by the court "include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 451-53 (2003). As a general rule, when considering these "gateway issues," the court "may consider only issues relating to the making and performance of the agreement to arbitrate," and not issues relating to the making of the contract generally. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967); *John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095-96 (11th Cir. 2003) (per curiam). "*Prima Paint's* mandate is that challenges to the validity of the contract as a whole must be presented to the arbitrator." *Rollins, Inc. v. Foster*, 991 F. Supp. 1426, 1431 (M.D. Ala. 1998).

   2.   *Enforceability of Class Action Waiver*

The central issue before this court is whether it, rather than the arbitrator, can and should

9

determine the validity and enforceability of the express class action waiver in the arbitration agreement. The Eleventh Circuit recently addressed this issue in *Jenkins v. First Am. Cash Advance of Ga., LLC,* 400 F.3d 868, 877 (11th Cir. Feb. 18, 2005). In *Jenkins,* the Eleventh Circuit found that the inclusion of a class action waiver in arbitration agreements did not render the agreements substantively unconscionable. In reaching this conclusion, the Circuit noted that "this issue may be decided by a federal court." *Id*. at 877. The Circuit elucidated that since the "class action waiver was a provision included in each of the Arbitration Agreements . . . [u]nder section four of the FAA, a federal court may adjudicate this claim because it applies to the Arbitration Agreements themselves, and thus, it places the making of the Arbitration Agreements in issue." *Id*. (citing 9 U.S.C. § 4). Accordingly, in the case *sub judice*, it is undisputed that the Waiver is distinctly included in the arbitration provision of the credit card agreement. Hence, in light of *Jenkins*, because this case involves an arbitration agreement containing an express class action waiver, this issue is one which is directly in the purview of the court.

Because *Jenkins* establishes that this court *may* rule on the issue of the enforceability of the Waiver and Plaintiff has asked this court to do so by initiating this lawsuit, the court now proceeds to address the issue. The Eleventh Circuit has held that arbitration agreements precluding class action relief are valid and enforceable. *Randolph v. Green Tree Fin. Corp.-Ala.*, 244 F.3d 814, 819 (11th Cir. 2001).[8] Although *Randolph* addressed this issue in relation

---

[8] In *Randolph*, the Eleventh Circuit held that "a contractual provision to arbitrate [Truth in Lending Act] claims is enforceable even if it precludes a plaintiff from utilizing class action procedures in vindicating statutory rights under [the] [Truth in Lending Act] ." 244 F.3d at 819.

10

to claims under the Truth in Lending Act, this court has extended the holding in *Randolph* to apply with equal force to claims alleged, as here, under the Fair Credit Billing Act. *See Battels v. Sears Nat. Bank*, 365 F. Supp. 2d 1205, 1216 (M.D. Ala. 2005) (Fuller, C.J.); *Billups v. Bankfirst*, 294 F. Supp. 2d 1265, 1269, 1272-74 (M.D. Ala. 2003) (Albritton, J.); *Gipson v. Cross Country Bank*, 294 F. Supp.2d 1251, 1258-1260 (M.D. Ala. 2003) (Albritton, J.); *Lawrence v. Household Bank*, 343 F. Supp. 2d 1101, 1112 (M.D. Ala. 2004) (Thompson, J.). Defendant offers no reason to reach a different conclusion here. Accordingly, the court concludes that the Waiver is valid and enforceable.

As the court has determined the validity and enforceability of the Waiver as a matter of law, there is no need for arbitrator interpretation. Accordingly, summary judgment in favor of Plaintiff is warranted. Moreover, pursuant to 9 U.S.C. § 4, this court is required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." The arbitration agreement specifically prohibits Defendant from litigating or arbitrating her claims "as a representative or member of a class." (Cardmember Agreement, p. 11). Hence, Plaintiff and Defendant will be ordered to pursue arbitration in accordance with the arbitration agreement, including the prohibition against class actions. *See Gipson v. Cross Country Bank*, 354 F. Supp. 2d 1278, 1289 (M.D. Ala. Jan. 28, 2005) (Albritton, J.) (holding, pre-*Jenkins*, that "it is for the court, and not the arbitrator, to determine whether an express prohibition against class action arbitration contained in an arbitration agreement is valid and enforceable"). Correspondingly, in order to effectuate its Order, the court will strictly enjoin Defendant from pursuing her claims in an arbitration

proceeding on a class-wide basis. *See id*. at 1289 (enforcing class action waiver by issuing injunction); *Sterling Fin. Inv. Group. Inc. v. Hammer*, 393 F.3d 1223, 1224-26 (11th Cir. 2004) (holding that "[d]espite [the defendant's] assertion that a federal court may only review an arbitration proceeding after it has concluded, the plain language of the statute indicates otherwise. We therefore hold that a federal district court, pursuant to [Section 4 of FAA], has jurisdiction to enforce the forum selection clause in a valid arbitration agreement that has been disregarded by the arbitrators.").

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. The Motion to Dismiss filed by Defendant Shirley Cook (Doc. # 5) is DENIED;

2. The Motion for Summary Judgment filed by Plaintiff Discover Bank (Doc. # 9) is GRANTED;

3. The Petition for Order Compelling Arbitration in Accordance with Terms of Agreement to Arbitrate filed by Plaintiff Discover Bank (Doc. # 1) is GRANTED;

4. Pursuant to 9 U.S.C. § 4, all parties to this litigation shall proceed with arbitration on Defendant Shirley Cook's claims in the manner provided for in the arbitration provision of the credit card agreement;

5. As the Class Action Waiver in the arbitration provision of the credit card agreement involved in this case is valid, it will be enforced by this court.

      Consequently, Defendant Shirley Cook is ENJOINED and RESTRAINED from failing to arbitrate her claims against Plaintiff Discover Bank pursuant to that arbitration provision. In addition, Defendant Shirley Cook is strictly ENJOINED from pursuing any of her claims against Plaintiff Discover Bank on a class-wide basis in the pending arbitration or in any other court or arbitral forum, as expressly provided in the credit card agreement;

6. Defendant Shirley Cook is DIRECTED to promptly furnish a copy of this Memorandum Opinion and Order to the arbitrator in the pending JAMS arbitration proceeding;

7. Pursuant to 9 U.S.C. § 3, this action be and the same is hereby STAYED pending arbitration; and

8. The parties shall file a jointly-prepared status report detailing the status of arbitration every first Tuesday of each month, beginning August 2, 2005.

DONE this 27th day of June, 2005.

                                              /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE